UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE ROUSE,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNAL REVENUE SERVICE,<br><br>    Defendant. | Case No. 22-cv-01944-PJH<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a Texas state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed

factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff states that the Internal Revenue Service ("IRS") has incorrectly stated that he owes back taxes.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff argues that the IRS stated he owed $13,696 in back taxes for 2017 and 2018, but he has been incarcerated in Texas since 1989. He also alleges that someone else has been using his social security number. For relief plaintiff seeks the court to strike the tax debt. Plaintiff fails to state a claim pursuant to § 1983 because he has not alleged a right secured by the Constitution was violated. To the extent plaintiff could proceed under a different cause of action, the complaint is dismissed because the claim is "'so attenuated and unsubstantial as to be absolutely devoid of merit' or 'frivolous.'" *Baker v. Carr*, 369 U.S. 186, 199 (1962) (first quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904); and then quoting *Bell v. Hood*, 327 U.S. 678, 683 (1946)). Any issues relating to back taxes between a Texas resident and the IRS

2

cannot be litigated in this court.

## CONCLUSION

The action is **DISMISSED** without prejudice.  The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: May 5, 2022

                                                      */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge